IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELVIN SMITH, JR.,

      Plaintiff,

v.                                           Case No. 23-2573-JWB

RESTAURANT DEPOT,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss. (Doc. 9.) The motion is fully briefed and ripe for decision. (Docs. 10, 12, 13, 15.) Defendant's motion is GRANTED for the reasons stated herein.

**I.  Facts**

Plaintiff is a resident of Kansas who filed a discrimination complaint against Defendant. In his complaint, which was prepared utilizing this court's form complaint for employment discrimination, Plaintiff provides an address for Defendant in Kansas City, Missouri. (Doc. 1 at 1.) Plaintiff asserts that he suffered race or color discrimination in violation of Title VII but he fails to identify his race or color in the allegations. Plaintiff checked several boxes indicating that he is complaining about his termination, failure to promote, failure to accommodate a disability, retaliation, and harassment. (*Id*. at 3.) Plaintiff attached his right to sue letter from the Equal Employment Opportunity Commission ("EEOC") to his complaint.

In the section which asks for a factual statement, Plaintiff alleges that Hilario Vergara (presumably an employee of Defendant) falsified the position statement that was submitted on

1

Defendant's behalf to the EEOC. (*Id*. at 3–4.) Plaintiff alleges that the document is false and contains a false signature. Plaintiff seeks damages in an amount of $45,000,000. (*Id.* at 4–5.)

Defendant now moves to dismiss Plaintiff's complaint on the basis that this court lacks personal jurisdiction over Defendant and Plaintiff has failed to state a claim under Title VII.

**II.    Standard**

On a Rule 12(b)(2) motion to dismiss, Plaintiff must make a prima facie showing that the court has personal jurisdiction. *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). If a defendant challenges the jurisdictional allegations, Plaintiff "must support the jurisdictional allegations of the complaint by competent proof of the supporting facts." *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1011, 1014 (D. Kan. 2006) (citing *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)). All factual disputes must be resolved in Plaintiff's favor and, to the extent that they are uncontroverted by Defendant's affidavit, "the allegations in the complaint must be taken as true." *Id.* (citing *Intercon. Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)).

In a federal question case, a court considering whether it has personal jurisdiction over a defendant must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015). Title VII does not authorize nationwide service of process. *See Townley v. Servicemaster Co., LLC*, No. 17-2430-DDC-JPO, 2017 WL 4843296, at *5 (D. Kan. Oct. 25, 2017). As a result, service is governed by Federal Rule of Civil Procedure 4(k)(1)(A), which requires the court "to apply the law of the state in which the district court sits." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Because the Kansas long-arm statute is construed liberally

2

to allow jurisdiction to the full extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue. *TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotations omitted). Therefore a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979). The requisite minimum contacts may be established under one of two theories: specific jurisdiction or general jurisdiction. If the requisite minimum contacts are met, the court proceeds to determine whether the "assertion of personal jurisdiction would comport with fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 903 (internal quotations omitted). General jurisdiction is based on an out-of-state corporation's "continuous and systematic" contacts with the forum state. *Id.* at 904. Specific jurisdiction exists if the defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472 (internal citations omitted).

**III.   Analysis**

Defendant argues that it is not subject to personal jurisdiction under either theory. Defendant has submitted a declaration in support of its motion which indicates that it is a Delaware limited liability company and a wholly owned subsidiary of a Delaware corporation that has a principal place of business in New York. (Doc 10-1 at ¶¶ 3–5.) Defendant does not own property

in Kansas, does not maintain locations in Kansas, does not conduct business in Kansas, and does not have a registered agent in Kansas. (*Id.* ¶¶ 6–7.) Defendant states that Plaintiff was employed at its location in Kansas City, Missouri. (*Id.* ¶ 8.) Plaintiff makes no attempt to dispute any facts that are set forth in Defendant's affidavit nor do the allegations in his complaint offer any facts in support of personal jurisdiction.

In response to the motion, Plaintiff contends that the court may exercise jurisdiction over Defendant because it is a company under the laws of the United States. (Doc. 12 at 2.) This is not an accurate statement of the law. Plaintiff also argues that the magistrate judge stated that Plaintiff had plausibly stated at least one viable claim. (*Id.*) (citing Doc. 5 at 2.) While the magistrate judge did screen Plaintiff's complaint for sufficiency of the allegations, there is no indication that personal jurisdiction was considered as the complaint does not provide sufficient information to determine whether the court has personal jurisdiction. Finally, Plaintiff points to a paystub that he received while employed. The paystub indicates that Defendant is located in New York and that Plaintiff is located in Kansas City, Kansas. Plaintiff offers no explanation as to how the paystub would support a finding that Defendant purposefully directed its activities at residents of the forum state. The fact that Plaintiff is a Kansas resident is not sufficient to support a finding that Defendant purposefully directed its activities at Kansas because Plaintiff was hired to work in Missouri, he did work in Missouri, and there is no allegation that Defendant intended to hire a Kansas resident for some activities in Kansas. *Serv. Experts, LLC v. Otte*, 609 F. Supp. 3d 1183, 1192 (D. Kan. 2022) (finding that the hiring of a Kansas resident was not sufficient to establish personal jurisdiction because the "defendants were equally likely to hire the plaintiff if he lived in any other state").

4

Plaintiff has failed to meet his burden to show that this court has personal jurisdiction over Defendant. Defendant is a Delaware company with no offices in Kansas. Notably, there are no allegations that Defendant took any actions in Kansas that concern the underlying allegations. Rather, the case alleges employment discrimination at Defendant's Missouri location where Plaintiff was employed. There is no indication or allegation that Defendant had any contact with Kansas whatsoever. The court cannot exercise general or specific personal jurisdiction over Defendant. *See Paige v. City of Farmington,* No. 19-4103-JAR-ADM, 2020 WL 974462, at *2 (D. Kan. Feb. 3, 2020), *report and recommendation adopted*, No. 19-4103-JAR-ADM, 2020 WL 969923 (D. Kan. Feb. 28, 2020) (finding that the court lacked personal jurisdiction over a Missouri employer).

**IV.   Conclusion**

Defendant's motion to dismiss (Doc. 9) is GRANTED. This case is dismissed without prejudice for lack of personal jurisdiction. Plaintiff's motion for summary judgment (Doc. 11) is DENIED AS MOOT.

IT IS SO ORDERED. Dated this 21st day of March 2024.

                                                              s/ John W. Broomes
                                                              JOHN W. BROOMES
                                                              UNITED STATES DISTRICT JUDGE